UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GARY LABARBERA and FRANK FINKEL,
Trustees of Local 282 International Brotherhood
of Teamsters Welfare, Pension, Annuity, Job
Training and Vacation Sick Leave Trust Funds,

                                    Plaintiffs,

        -against-

INGOE ROCK INDUSTRIES, INC.,

                                    Defendant.
-----------------------------------------------------------------x

ORIGINAL

**MEMORANDUM AND ORDER**
No. 06-CV-1026 (FB) (JMA)

*Appearances:*
*For the Plaintiffs:*
AVRAM H. SCHREIBER, ESQ.
40 Exchange Place, Suite 1300
New York, NY 10005

**BLOCK, Senior District Judge:**

On August 29, 2006, Magistrate Judge Azrack issued a Report and

Recommendation ("R&R") recommending that a default judgment of $8,306.16 be entered

in favor of plaintiffs, Gary LaBarbera and Frank Finkel, Trustees of Local 282 International

Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation Sick

Leave Trust Funds ("Trustees"), and against defendant, Ingoe Rock Industries, Inc. ("Ingoe

Rock"). The R&R recited that "[a]ny objections to this Report and Recommendation must

be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days

of receipt of this Report," R&R at 10, and that "[f]ailure to file objections within the

specified time waives the right to appeal the District Court's order." *Id.* A copy of the R&R

was sent to Ingoe Rock at its last known address on August 29, 2006, *see id.* at 11, making

objections due by September 18, 2006. *See* Fed. RR. Civ. P. 6(a), 6(e). To date, no objections have been filed.

Where, as here, clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

As no error appears on the face of Magistrate Judge Azrack's R&R, the Court adopts it without *de novo* review. The Clerk is directed to enter judgment in accordance with the R&R.

**SO ORDERED**.

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 21, 2006

2